No. 7254.

SUCCESSION OF MICHAEL EGAN.    ON OPPOSITION TO ACCOUNT.

Prescription on a claim against a succession is interrupted by the acknowledgment of it by the representative of the succession written upon the claim or upon a paper annexed thereto, but merely putting the claim in the hands of the attorney of the succession has not that effect.

But such acknowledgment must be thus written before prescription has been acquired. After it has been acquired, the representative of the succession cannot waive or renounce it.

The widow who has been separated from bed and board and in property from her husband by judicial decree, is still entitled to the portion of one thousand dollars allotted her by sec. 1693 Rev. Stats., if she be in necessitous circumstances.    And this, although she had received her share in the division of the property under the decree and had spent it, being necessitous at the time of his death.

*Aliter* if the separation from bed and board had been followed by a judgment of divorce, for then she would not be the widow of the deceased.

APPEAL from the Second District Court of New Orleans.    TISSOT, J.

*Shackleford* and *Graham* for Widow.    *Rice* for Donnelly Appellant.

Michael Egan, the deceased, had been separated from bed and board and in property from his wife by judicial decree, and had settled with her and paid her her share of the community property. She had spent all of it.    On his death his executor did not place her

on his provisional tableau for the widow's portion. He did place Donnelly thereon as a creditor. The widow opposed the tableau, claiming her portion, *i.e.*, one thousand dollars as necessitous widow, and opposing Donnelly's claim, pleading prescription thereto. Donnelly's claim had never been acknowledged by the executor, but had been left with the attorney of the succession, who was also Donnelly's usual attorney, and at the time it was put on the tableau was already prescribed.

After stating the facts,

MARR, J. There is no evidence that the executor even acknowledged Donnelly's claim in any way. It was left with the attorney of the succession who says as a witness, "I don't suppose there is a single claim in the account that the executor knows anything about any more than a stranger." The account was filed after prescription had been acquired. The plea must prevail.

The proof is beyond dispute that the widow is in necessitous circumstances, and was at the time of her husband's death. Four months after her judgment of separation she received a property on Constance Street from Egan in full satisfaction of her claims. Two months later she mortgaged it for two thousand dollars, had the note discounted, and after paying her attorneys. her part of the expenses of the partition, medical bills and other debts, there remained a balance of about sixty dollars. She afterwards sold the property for $3,500, paid off the mortgage, and the residue went into bad investments, as she said — $300 lent to a married woman who never paid her, and $500 to another who paid her in board. Then she lived in families where she was received as a matter of charity. She procured clothing by her labour, and was in this condition when Egan died. The judgment of separation did not divorce the husband and wife. Mrs. Egan was the wife of Egan up to the moment of his death. The law uses the word "widow" without qualification, except that she must be in necessitous circumstances. It does not say the widow not separated in bed and board. The married woman is the wife of her husband until the marriage is dissolved by death or divorce. At his death without divorce she is legally his widow and is entitled to the provision which the law makes for necessitous widows.

The judgment rejected Donnelly's claim and allowed the widow's.

*Judgment affirmed.*